[No. 14094. In Bank.—June 1, 1894.]

GEORGE C. BODE ET AL., RESPONDENTS, *v.* JOHN LEE ET AL., APPELLANTS.

APPEAL—NEW-TRIAL ORDER—REVIEW OF JUDGMENT.—An appeal from an order granting or denying a new trial does not involve a review of the judgment, the correctness of which can be determined only by an appeal therefrom.

ID.—MOTION FOR NEW TRIAL—INDEPENDENT RECORD—REFERENCE TO PLEADINGS—SUFFICIENCY OF PLEADINGS NOT INVOLVED.—The motion for a new trial, which is in the nature of a distinct proceeding, is to be heard upon an independent record, distinct from the record upon which the judgment depends; and reference may be had to the pleadings in the record for the purpose of ascertaining the issues in the case, and determining the correctness of the rulings of the court as to the relevancy of evidence; but whether the complaint is sufficient to support the judgment, or whether the court erred in overruling a demurrer to the complaint, are matters not involved upon the motion for a new trial, and can be considered only upon an appeal from the judgment.

ID.—OBJECTION UPON APPEAL FOR FIRST TIME—FRAUDULENT CONVERSION OF GOODS—OBJECTION TO EVIDENCE—VARIANCE.—In an action by the proprietors of a bonded warehouse for the conversion of numerous boxes of tin, which the defendants are alleged to have fraudulently obtained by conspiracy with an employee of the plaintiffs, the fraudulent conversion being alleged to have occurred between two dates a number of years apart, an objection that the plaintiffs were limited at the trial to establishing a single conversion of tin, and could not introduce testi-

mony in support of their complaint showing that the tin for which they sued had been received by the defendants at different times, is in the nature of an objection to evidence on the ground of variance from the allegations of the complaint, and it appearing that the defendants were not misled by the evidence, and failed to raise any objection at the trial, such objection cannot be considered upon appeal for the first time.

BAILMENT—WAREHOUSE — EMBEZZLEMENT — FRAUDULENT CONSPIRACIES — CONVERSION OF PROPERTY OF SEVERAL BAILORS—SINGLE CAUSE OF ACTION—OBJECTION TO EVIDENCE.—The proprietors of a bonded warehouse, who are the bailees of boxes of tin left in the warehouse by several different bailors, have a single cause of action to recover for fraudulent conversion of the tin by persons obtaining it through embezzlement by an employee of the warehouse, with whom they had conspired for the purchase of the tin, and it is immaterial to the defendants sued for such conversion whether the plaintiffs were the bailees of one or more bailors; and an objection to the evidence of the entire conversion, upon the ground that the plaintiffs have as many causes of action as there were bailors, and should have stated them separately, is not tenable.

ID.—STATUTE OF LIMITATIONS—ADMISSIBILITY OF EVIDENCE—LIST MADE BY DEFENDANT—ITEMS BARRED.—Where one of the defendants, in connection with his testimony, presented a statement, or list of items, from the books of the defendants, which had been prepared at the instance of the witness, and was produced by him for the purpose of showing the nature of the transactions between the defendants and the employee of the plaintiff, the list produced is not rendered inadmissible by reason of its containing entries of transactions that had occurred more than three years before the commencement of the action; and an objection on the part of the defendants to that portion of the list, upon the ground that no recovery could be had for it, and that it is barred by the statute of limitations, is properly overruled.

ID.—INTERWOVEN TRANSACTIONS—DEPENDENT FACTS—INSTRUCTION AS TO STATUTE OF LIMITATIONS.—When a cause of action depends upon a series of continued transactions, which are so interwoven that the evidence cannot be limited to a particular point of time, or when the sufficiency of the defense of the statute of limitations depends upon the establishment of other facts at the trial, an objection to a piece of evidence on the ground that it relates to a transaction claimed to be barred by limitation is unavailing; and the proper practice in such cases is to allow the evidence to go before the jury; and to have them properly instructed with reference to the statute of limitations and its application to the facts of the case before them.

ID.—FRAUDULENT PURCHASE FROM EMBEZZLING EMPLOYEE—IDENTITY OF GOODS PURCHASED—BURDEN OF PROOF.—Where there is evidence tending to show that the defendants were not entirely innocent in their dealings with the employee of the plaintiffs who embezzled the tin bought by the defendants, the burden is thrown upon the defendants to show that the tin thus purchased was not a portion of that for which the plaintiffs proved that they found a shortage in their warehouse, and settled with their bailors.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial.

The facts are stated in the opinion of the court.

*Garber & Bishop,* and *Garber, Thornton & Bishop,* for Appellants.

*John H. Dickinson,* and *Henry E. Munroe,* for Respondents.

HARRISON, J.—The plaintiffs were the proprietors of a bonded warehouse in San Francisco, and had one R. P. Scott in their employ as foreman or manager of the warehouse. In February, 1886, they discovered that Scott had been unfaithful to his trust for a number of years, and had privately and corruptly sold various articles of merchandise that had been stored in their warehouse. A portion of the merchandise so sold by him consisted of boxes of sheet tin, which were purchased by the defendants, and upon the discovery of the fact the plaintiffs brought this action to recover from the defendants the value of the tin thus received by them. The complaint alleges the character of the business conducted by the plaintiffs, the relation held to them by Scott, the knowledge of these facts by the defendants, and that with such knowledge the defendants had conspired and confederated with Scott, for the purpose of wronging and defrauding the plaintiffs out of these boxes of tin, and had procured Scott to fraudulently remove them from the warehouse at divers times within the four years last past, and, as a consideration therefor, had paid him for said property a sum of money greatly below its market value, with the knowledge that he had fraudulently obtained the property as the employee of the plaintiffs, and had thus stolen and embezzled it; that in pursuance of said conspiracy the defendants had come into the possession of sixteen hundred and twenty-six boxes of tin, of which the plaintiffs were entitled to the immediate possession, and for the value of which

they were responsible to the owners; that said fraudulent conversion occurred between the first day of January, 1879, and the tenth day of February, 1886, and that the transactions set forth in the complaint were not discovered by the plaintiffs until the tenth day of February, 1886. Upon this complaint the plaintiffs asked judgment against the defendants for the wrongful conversion, and that they be adjudged guilty of fraud, and that execution issue against their persons. To this complaint the defendants demurred upon the ground that the cause of action was barred by the statute of limitations; that the complaint was ambiguous, uncertain, and unintelligible, and that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and the defendants answered, taking issue upon the averments in the complaint, and alleging that they had purchased the tin from Scott in good faith, under the *bona fide* belief that he was the owner thereof, and had paid therefor its full market value. The cause was tried by a jury, and a verdict rendered in favor of the plaintiffs for the sum of seven thousand three hundred and thirty-nine dollars and seventy-five cents. A motion for a new trial was made by the defendants, and denied, and from the order denying a new trial an appeal has been taken. No appeal has been taken from the judgment.

1. An appeal from an order granting or denying a new trial does not involve any consideration of the correctness of the judgment. That question can be determined only by an appeal from the judgment itself. The motion for a new trial is in the nature of a distinct proceeding, and is to be heard upon an independent record distinct from the record upon which the judgment depends. In the present case this record consists of a statement of the case prepared after the trial. Upon the hearing of this motion reference may be had to the pleadings (Code Civ. Proc., sec. 660), but the correctness of the order must be determined by the record upon which it rests. This " reference" to the

pleadings is for the purpose of ascertaining the issues in the case, and determining the correctness of any rulings of the court upon objection to the introduction of evidence on the ground that it was not within such issues; but whether the complaint is sufficient to support the judgment, or whether the court erred in overruling a demurrer to the complaint, can be considered only upon an appeal from the judgment. Neither of these matters is involved in the " re-examination of an issue of fact after a trial and decision by a jury or court." (Code Civ. Proc., sec. 656; *Brison* v. *Brison,* 90 Cal. 323; *Evans* v. *Paige, ante,* p. 132.)

2. It is strenuously urged by the appellants that the plaintiffs were limited at the trial to establishing a single conversion of tin, and could not introduce testimony in support of their complaint, showing that the tin for which they sued had been received by the defendants at different times. Without determining whether this objection should not have been taken by special demurrer to the complaint, upon the ground of uncertainty, we think that the appellants should at least have made this ground a special objection at the trial, when the evidence was offered. Such evidence cannot be regarded in any other light than as a variance from the allegations of the complaint, and it is very evident from the record in this case that the defendants were not misled by its introduction. (Code Civ. Proc., sec. 469.) If the objection had been made when the evidence was presented the plaintiffs might have amended their complaint. The defendants, however, did not make this objection to any evidence of this character which was offered by the plaintiffs, and, in fact, this evidence was first brought to the notice of the jury, in the cross-examination by the defendants of one of the plaintiffs who was testifying as a witness in his own behalf. While the plaintiff Searle was being examined with reference to the shortage in the tin in the warehouse, he stated in reply to a question by the defendants' counsel, that there was more than one party short of tin in

his warehouse, and thereupon the defendants' counsel objected "to any further testimony, upon the ground that the complaint states only one cause of action, whereas the proof shows that there were as many causes of action *as there were parties short of tin.* Plaintiffs sue as bailees, and they have as many causes of action as there were bailors. The code requires each cause of action to be stated separately." This objection was overruled, but the witness did not give any evidence of the character objected to until he was asked in reference thereto upon his cross-examination by the defendants. The objection that was made is, however, untenable. The plaintiffs, as bailees of the tin, had the right to its recovery from any one who had fraudulently obtained it through the embezzlement of Scott, and it was immaterial to the defendants whether they were the bailees of one or more bailors. Their cause of action was as entire and single as would be that of an owner of property whose title was derived through different vendors.

3. Much of the argument of counsel has been directed to the question of the statute of limitations, the appellants claiming that the plaintiffs were not entitled to recover for any tin that was abstracted from the plaintiffs' warehouse prior to three years before the commencement of this action. The sufficiency of the complaint in this respect is extensively discussed, but, as we are not at liberty to pass upon that question on this appeal, it is unnecessary to consider this part of the argument. This defense was pleaded in the answer; and at one stage of the trial, in answer to the following question put to one of the defendants: " In those transactions did the name of the Greenwich Dock Bonded Warehouse, or of Bode and Searle, appear upon any of the writings connected with them"? the defendants objected that the plaintiffs " have no right to prove that we got any tin previous to the three years to the commencement of this suit. Action is barred upon all received before that time." This witness did not, however, give testimony that the defendants had received

any tin prior to three years before the commencement
of the action, except in the following manner: At a
later stage of his examination a list of the tin received
by the defendants from April, 1881, to February, 1886,
that had been made out from their books, was presented
by the witness, while giving his testimony, as "a state-
ment of all the tin we bought from Scott, and the time
it was bought." It was offered in evidence by the
plaintiffs as a part of the testimony of the witness.
The defendants objected to that portion of the list
which showed that which was bought between April,
1881, and December, 1882, "because no recovery can
be had for that; it is barred by the statute of limita-
tions"; but their objection was overruled, and the state-
ment was admitted in evidence. There was no error in
this ruling. The statement had been prepared at the
instance of the defendant witness, and was produced by
him for the purpose of showing the nature of the trans-
actions between his firm and Scott. It was not ren-
dered inadmissible by reason of its containing entries
of transactions that had occurred prior to 1883. It
often happens in the trial of a cause, where the statute
of limitations is pleaded as a defense, and when the
cause of action depends upon a series of continued
transactions, that these transactions are so interwoven
as to render it impossible to limit the evidence to a
particular point of time. It is also frequently the case
that the sufficiency of this defense will depend upon the
establishment of other facts at the trial, and is to be
determined by the jury under proper instructions after
all of the evidence has been introduced. In such cases
an objection to any piece of evidence, on the ground
that it relates to a transaction claimed to be barred by
limitation, is unavailing, for the reason that it cannot
be known until after the determination of other facts
whether this period of time constitutes a limitation.
The proper practice in such cases is to allow the evi-
dence to go before the jury, and to have them properly
instructed with reference to the statute of limitations

and its application to the facts of the case before them. In the present case the defendants did request the court to instruct the jury that the plaintiffs could not recover for any tin purchased by them prior to the 18th of February, 1886. This instruction was refused by the court, and its ruling is now assigned as error. The appellants have not given any reason for fixing this date as the point when the statute began to run, and we are unable to see that the court erred in refusing to give the instruction. The plaintiffs had alleged in their complaint that they discovered the frauds for the first time on the tenth day of February, 1886. It does not appear, however, that the verdict of the jury includes any tin received by the defendants prior to this date. The court instructed the jury to the effect that the plaintiffs could recover only such damage as they had sustained as bailees of the tin, and that if they had settled with their bailors, they could recover only such amount as they had paid in such settlement, not exceeding the actual value of the tin. The testimony upon this point was that the plaintiff had paid to Nicholson seven thousand and forty-two dollars and seventy-five cents, and to Balfour, Guthrie & Co. two hundred and ninety-seven dollars, making in the aggregate seven thousand three hundred and thirty-nine dollars and seventy-five cents, and the jury rendered their verdict for this amount. There was no evidence that any of the tin of these bailors was received by the defendants prior to April 18, 1883.

4. The court instructed the jury that the plaintiffs, in order to recover, must show that Scott sold to the defendants the identical tin for which they sought judgment in this action, and the appellants urge that this instruction was disregarded by the jury; that the evidence fails to show that the tin for which the plaintiffs were short in their warehouse, and for which they settled with their bailors, was ever received by the defendants from Scott. Naturally the evidence to connect the defendants with the shortage of the tin in the ware-

house, and to bridge the intervening space between its embezzlement by Scott and its receipt by them, is fragmentary and devoid of the accuracy of mathematical demonstration; but we think that the evidence before the jury was sufficient to authorize them to connect the two, and will uphold their verdict. Scott testified: " The shortage in tin in this warehouse arose from my irregular sales. All I disposed of irregularly was to John Lee & Co." (the defendants). One of the defendants testified that their dealings with Scott amounted to over twenty thousand dollars within five years, though most of the transactions were since 1883; and the list of tin bought by them from Scott, which he produced in evidence, showed a greater number of boxes than was claimed by the plaintiffs. We think that in view of this testimony, and of the testimony concerning the manner in which the transactions with Scott were had, the burden was thrown upon the defendants to show that the tin thus purchased from Scott was not a portion of that for which the plaintiffs found a shortage in their warehouse and settled with their bailors. There was evidence before the jury tending to show that the defendants were not entirely innocent in their dealings with Scott, and the jury were not required to be too strict in demanding proof against them of facts which it was within their power to disprove, but for which they made no attempt.

5. There are certain specifications of errors of law in the admission of evidence, and in refusing certain instructions which were asked by the defendants, but they are not of a character to require comment. The substance of the instructions thus refused which were proper to be given had already been given to the jury in other language, and the evidence which was received against the objections of the defendants could not have changed the result. The case seems to have been fully and carefully tried upon its merits. A great deal of evidence upon the various issues was introduced by the respective parties, and submitted to the jury, with

extended and elaborate instructions from the court, evidently given at the instance of the respective parties, and to which no exception was taken.   These instructions seem to cover the propositions contended for by the appellants, and to have fully and fairly directed the jury in their deliberation upon their verdict; and, as we find no error in the record which affects the substantial rights of the parties, we think the action of the court below must be affirmed, and it is so ordered.

The order is affirmed.

McFARLAND, J., FITZGERALD, J., and GAROUTTE, J., concurred.