[No. 3229. Decided June 12, 1899.]

WILLIAM MURPHY, *Appellant,* A. V. STEWART *et al., Intervenors and Appellants,* v. DAN CURRIE, *as Sheriff of Snohomish County, et al., Respondents.*

APPEAL—ASSIGNMENTS OF ERROR—WAIVER OF EXCEPTIONS.

An exception to a finding will be disregarded on appeal where it is not referred to in the assignments of error, and where the argument in the brief, which does not refer to the record for verification, is in no wise directed to it.

CHATTEL MORTGAGES—SALE OF PROPERTY—WAIVER OF LIEN.

A chattel mortgagee does not waive his rights under the mortgage by consenting to a sale of the mortgaged property to a purchaser with notice of the mortgage.

Appeal from Superior Court, Snohomish County.— Hon. FRANK T. REID, Judge. Affirmed.

*Denney & Hulbert* and *Bell & Austin,* for appellants.
*James Kiefer,* for respondents.

The opinion of the court was delivered by

GORDON, C. J.—Appellants in this cause were plaintiffs in actions brought in the justice court against one Contine, and in those actions had attached the property which is here in dispute. After the levy of the writs of attachment, respondent Carstens & Earles, acting through the respondent sheriff, began proceedings to foreclose a chattel mortgage upon the property. Thereafter the foreclosure proceedings were removed to, and tried out in, the superior court of Snohomish county.

The question to be determined is the priority of lien. It appears that the Seattle Box & Mfg. Company had given a chattel mortgage to the respondent Carstens & Earles upon certain mill machinery, including a planer; the latter being the only property here in dispute. The mortgage was given to secure an indebtedness of $700. Subsequently Contine, being desirous of purchasing a planer, was informed by respondent of its mortgage and directed to the mortgagor. Negotiations resulted in the planer being shipped by the mortgagor to Contine, and in respondent's crediting the mortgagor upon the note with the sum of $400. It also appears that Contine had at that time an open account with the mortgagee, to whom he was making shipments of lumber. The real question is whether the mortgagee released its lien or waived its rights under the mortgage. The lower court found that there was no such intention, and this finding is well supported by the evidence. Appellants' contention is that the transaction, in effect, amounted to a surrender by the mortgagor to the mortgagee of the portion of the mortgaged property in dispute and a subsequent sale by the mortgagee to Contine. We do not think that the evidence justifies this contention. Among the exceptions to the findings of the trial court, we find in the brief of appellants the following:

" They except to the finding of the court wherein the

court finds that one Contine, acting for himself,  .   .   . purchased from the said mortgagor  .   .   . the said planer  .   .   . for the sum of $400, and that said purchase was made with the consent of said Carstens & Earles; for the reason that the evidence in this case shows that said Contine purchased said planer of said Carstens & Earles, the mortgagee, *and for the further reason that when, upon the trial of said cause, the attorneys for said intervenor offered to introduce further testimony to show that Carstens & Earles, the mortgagee herein, sold said planer to said Contine, the court then and there stated that further testimony upon that question was unnecessary and that the testimony already in was sufficient to show that fact."*

Among the assignments of error there is no reference to this exception, nor is the argument in the brief in any wise directed to it. The brief nowhere refers to the record for verification, and the page is not given, as required by the rules of this court. We think counsel for the respondent is correct in urging that this exception must be disregarded.

However, there is one sufficient and satisfactory ground for affirmance. It is that there was no intention on the part of the mortgagee to release its lien or waive its mortgage. The sale was not made to a purchaser without notice, and we think it a fair inference from the evidence that Contine bought subject to the mortgage, rather than that he took it clear of the mortgage lien. The authorities relied upon by appellants establish the doctrine that where a mortgagee consents that a mortgagor may sell the property *free of the mortgage,* or consents to a sale made to a purchaser without notice, he waives his rights under the mortgage. That doctrine can have no application to the facts as found in the present case.

The decree must be affirmed.

DUNBAR, ANDERS, REAVIS and FULLERTON, JJ., concur.