[L. A. No. 598.   Department Two.—July 8, 1899.]

M. B. THOMPSON et al., Appellants, v. CITY OF LOS ANGELES, Respondent.

NEW TRIAL—STATEMENT—ABSENCE OF SPECIFICATIONS.—A statement on motion for a new trial which contains no specifications of the insufficiency of the evidence to justify the findings or of errors of law occurring at the trial and excepted to by the defendants, must be disregarded on the hearing of the motion.

ID.—ORDER DENYING NEW TRIAL—REVIEW UPON APPEAL—"DECISION AGAINST LAW."—A specification in the notice of the motion for new trial, that "the decision is against law," for any reason appearing upon the face of the judgment-roll, such as a failure to find upon a material issue, or that wrong conclusions of law have been drawn from the findings, can only be considered in this court upon an appeal from the judgment, and will be disregarded where the only appeal is from an order denying a new, trial.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Walter Van Dyke, Judge.

The facts are stated in the opinion.

Walter F. Haas, for Appellant.

W. E. Dunn, and Francis J. Thomas, for Respondent.

HAYNES, C.—This action is, in form, to quiet title to a narrow strip of land fronting on Soto street, in the city of Los Angeles, the plaintiffs' right to recover depending upon the true location of the line of the street; the defendant's contention being that the strip of land in controversy is a part of said street. Findings and judgment were for the defendant, and plaintiffs appeal from an order denying their motion for a new trial.

The notice of said motion specified as the grounds thereof: 1. That the evidence is insufficient to justify the findings; 2. That the decision is against law; and 3. On account of errors in law occurring at the trial and excepted to by defendant; and that the motion would be made upon a statement of the case.

The statement, however, specifies no particulars in which it is claimed the evidence is insufficient to justify the findings, nor are any errors of law occurring at the trial specified.   Section 659, subdivision 3, of the Code of Civil Procedure, provides: "If no such specifications be made, the statement shall be disregarded on the hearing of the motion."   The findings, therefore, stand unquestioned and the correctness of the rulings and proceedings upon the trial unchallenged.

Appellants, in their brief, say that the ground for a new trial, more particularly relied upon for a reversal, is that "said decision is against law"; and proceed to discuss the evidence as though its sufficiency, or insufficiency, was the sole question to be considered.   But since, in the absence of specifications, we are obliged to conclude that the findings are justified by the evidence and that no errors of law occurred upon the trial, if "the decision is against law" it must be for some reason appearing only in the judgment-roll, as, for example, a failure to find upon some material issue, or that wrong conclusions of law have been drawn from the findings.   There is no appeal from the judgment, however, and upon appeal from an order denying a new

trial errors upon the face of the judgment-roll cannot be considered. (*In re Westerfield*, 96 Cal. 113; *Wheeler v. Bolton*, 92 Cal. 159; *Brison v. Brison*, 90 Cal. 323.) Besides, counsel for appellant does not in his brief suggest any error of law appearing upon the judgment-roll.

I advise that the order appealed from be affirmed.

Britt, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

McFarland, J., Temple, J., Henshaw, J.