[S. F. No. 1036.　Department One.—April 4, 1900.]

## J. W. TAYLOR, Appellant, v. R. R. BELL, Respondent.

NEW TRIAL—STATEMENT—INSUFFICIENT SPECIFICATIONS.—In a statement on motion for a new trial, specifications of insufficiency of the evidence to justify the findings and decision of the court, made in the form "that the court erred in finding" as set forth in the words of an entire finding repeated in the statement, "but, on the contrary, the court should have found" other facts stated, favorable to the moving party, fail to comply with the requirement of section 659 of the Code of Civil Procedure, that the statement shall specify the particulars in which the evidence is alleged to be insufficient; and such specifications are not entitled to be considered on the hearing of the motion.

ID.—REVIEW OF ORDER UPON APPEAL—ARGUMENT—ERRORS OF LAW NOT URGED.—When the appellant does not urge the errors of law specified in the statement on motion for new trial in his argument or points and authorities upon appeal from the order denying the motion, the court will not seek to discover any error therein.

APPEAL from an order of the Superior Court of Santa Clara County denying a new trial.　George H. Buck, Judge, presiding.

The facts are stated in the opinion of the court.

Will M. Beggs, for Appellant.

William P. Veuve, for Respondent.

THE COURT.—The plaintiff seeks by this action to recover damages for the value of certain personal property alleged to have been converted by the defendant, together with damages for injuries done by the defendant to a building of the plaintiff. It is alleged in the complaint that at a certain date the plaintiff was the owner and in possession of certain real property upon which there was a warehouse, in which was certain personal property belonging to the plaintiff of the value of six hundred dollars, and that on that day the defendant broke into and injured the warehouse, to the damage of the plaintiff in the sum of five hundred dollars, and forcibly took possession of the personal property and converted it to his use.　The cause was tried by the court without a jury, and, upon the findings

of fact made by it, judgment was rendered in favor of the defendant. A motion for a new trial, made by the plaintiff, was denied, and from this order he has appealed.

The court made the following findings:

"2. That plaintiff was not the owner of the personal property described in said complaint, or any part thereof, nor of any right, title, or interest therein, at the time mentioned in said complaint, nor was he, at any time mentioned in the complaint, entitled to the possession or lawfully or otherwise possessed of the same, or any part thereof; but, on the contrary, the said defendant, ever since the tenth day of August, 1895, has been the owner of said personal property, and every part thereof, and entitled to the possession of the same.

"3. That said defendant did not at any time, with force or violence, break into any warehouse of plaintiff, and did not forcibly or unlawfully take possession of said personal property, or any part thereof, or unlawfully convert or dispose of the same, or any part thereof, to his own use."

In his notice of intention to move for a new trial the plaintiff stated as one of the grounds the insufficiency of the evidence to justify the findings and decision of the court.

In the statement of the case the plaintiff specified the particulars in which the evidence was insufficient, as follows:

"The court erred in finding" (and then repeats the above finding 2, *lotidem verbis*), "but, on the contrary, the court should have found that the plaintiff was, on the first day of June, 1894, and up until the time of the sale, to wit, on or about the first day of December, 1895, entitled to the possession of the said personal property; that the said plaintiff has a good and valid lien and claim against the said personal property for storage that was reasonably worth twenty-five dollars per month during the said period from June 1, 1894, to December 1, 1895."

"The court erred in finding" (and then repeats in exact language the above finding 3 of the court), "but, on the contrary, the court should have found that on or about December 1, 1895, the said defendant willfully, maliciously, and unlawfully broke into the warehouse of this plaintiff, and did forcibly and unlawfully take possession of and carry away, convert and dispose of to the defendant's use all of the personal property

described in plaintiff's complaint." The other specifications relate to the findings in a similar manner.

These specifications fail to comply with the requirement of section 659 of the Code of Civil Procedure, that the statement shall specify the "particulars" in which the evidence is alleged to be insufficient; and in the language of that section the statement was not entitled to be considered by the court at the hearing of the motion. What "the court should have found" is only another mode of stating what "the evidence shows," a form of specification which has been repeatedly held to be insufficient. Such a specification is in effect only a statement that upon all the evidence the court should have come to a different conclusion, and is a mere repetition of what was previously stated in the notice of intention to move for a new trial. (*Spotts v. Hanley*, 85 Cal. 155; *Dawson v. Schloss*, 93 Cal. 194; *Adams v. Helbing*, 107 Cal. 298; *Kumle v. Grand Lodge*, 110 Cal. 204; *De Molera v. Martin*, 120 Cal. 544; *Kyle v. Craig*, 125 Cal. 107.)

Various errors of law occurring at the trial, chiefly in the rulings upon the admission of testimony, are specified in the statement, but none of these errors are urged in the brief on behalf of the appellant as ground for reversal, and as counsel do not deem the rulings worthy of discussion, the court will not be astute to discover any error therein.

The order is affirmed.