SWIFT et al. v. OCCIDENTAL MINING AND PETRO-
LEUM COMPANY et al.*

L. A. No. 1037; October 18, 1902.

70 Pac. 470.

Appeal.—The Sufficiency of the Complaint, and whether findings of the court sustain the judgment, cannot be considered on appeal from an order denying a motion for a new trial.

Appeal.—A Specification of Error, in a Notice of Motion for a new trial, that the decision is against law for any reason appearing on the judgment-roll, can only be considered on appeal from the judgment.[1]

---

*For subsequent opinion in bank, see 141 Cal. 161, 74 Pac. 700.

[1] Cited with approval in Kaiser v. Dalto, 140 Cal. 169, 73 Pac. 829, where the court says: "It must now be regarded as the settled rule that, where all the issues of fact raised by the pleadings are found upon by the court and the findings are correct, an erroneous judgment drawn from those facts cannot be corrected by means of a motion for a new trial."

Cited and approved in Swett v. Gray, 141 Cal. 70, 74 Pac. 441, where it is said that the question of the sufficiency of the complaint is not to be considered on motion for a new trial, where there is no appeal from the judgment.

**Appeal—Assignment of Error.**—Under Code of Civil Procedure, sections 657, 659, requiring assignments of error to point out the particulars in which the ruling objected to is erroneous, an assignment "that the evidence is insufficient to justify the court in finding," followed by the language of the finding, but containing no specification of any particular wherein the finding is unsupported, is insufficient.[2]

**Custom and Usage.**—Where, in an Action Against a Mining Company, the court made a finding of fact, which was not reviewable, that plaintiff acquiesced in and consented to the use of certain oil for fuel, error, if any, in the introduction of evidence of a custom in the community to permit lessees of land for prospecting purposes to burn oil found to run their engines and pumps, was harmless.

APPEAL from Superior Court, Santa Barbara County; B. T. Williams, Judge.

Action by C. E. Swift and others against the Occidental Mining and Petroleum Company and another. Judgment for defendants, and from an order denying a new trial plaintiffs appeal. Affirmed.

B. F. Thomas for appellants; Eugene W. Squier and John J. Squier for respondents.

CHIPMAN, C.—The complaint alleges the ordinary action in ejectment to recover possession of eighty acres of land leased by plaintiffs to the assignors of defendant Occidental Mining and Petroleum Company for mining purposes. Defendant High was an employee of defendant company, and has no interest in the subject matter of the action. In the opinion the word "defendant" will have reference to the company. Defendant filed an answer and also a cross-complaint, both of which were amended by leave of court. The amended cross-complaint of defendant alleges the execution of a lease of the land by plaintiffs, setting forth the document in haec verba; the assignment to defendant; performance by defendant and its predecessors; offer to execute a renewal, and tender by defendants to plaintiffs. In a second count allegations much the same as in second defense in the answer are set forth, praying that the renewal pro-

---

2 Cited and followed in Robson v. Colson, 9 Idaho, 220, 72 Pac. 952, the court there construing a statute of Idaho similar to sections 657 and 659 of the California Code of Civil Procedure.

vided for in the lease be decreed to be specifically performed; or, in other words, that plaintiffs be required to execute a new lease. Plaintiffs, answering the cross-complaint, denied the allegations as to performance, and alleged discontinuance of the work for periods specified; alleged also the wrongful cutting of timber, and the burning of oil for fuel; failure to pay royalties as required by the lease. The pleadings are verified. The court made findings substantially in accordance with the allegations in the amended answer and amended cross-complaint, and entered its decree enforcing specific performance of the covenant for a renewal of the lease as prayed for in the cross-complaint. Plaintiffs moved for a new trial upon a statement of the case, which being denied, they appeal from the order. There is no appeal from the judgment. There was no demurrer to the cross-complaint or answer.

It is urged by appellants that the findings are insufficient to suport the judgment, and that the cross-complaint does not state a cause of action, and that the conclusions of law are unsupported by the findings. The insufficiency of the complaint cannot be considered on an appeal from an order denying a motion for a new trial, nor on such motion can the question whether the findings sustain the judgment be considered: Martin v. Matfield, 49 Cal. 42; Brison v. Brison, 90 Cal. 323, 27 Pac. 186; Bode v. Lee, 102 Cal. 583, 36 Pac. 936; Rauer v. Fay, 128 Cal. 523, 61 Pac. 90; and numerous other cases. Where the conclusions of law are claimed to be erroneous, and not consistent with or not supported by the findings, the moving party may proceed under sections 663, 663½ of the Code of Civil Procedure (Shafer v. Lacy, 121 Cal. 574, 54 Pac. 72); and where this course is not pursued, there must be an appeal from the judgment, or the sufficiency of the findings to support the judgment cannot be considered (Patch v. Miller, 125 Cal. 240, 57 Pac. 986). In a specification in the notice of motion that "the decision is against law" for any reason appearing on the judgment-roll, such as a failure to find upon a material issue, or that wrong conclusions of law have been drawn from the findings, such specification can only be considered upon an appeal from the judgment: Thompson v. City of Los Angeles, 125 Cal. 270, 57 Pac. 1015. This court is limited in its review

of the action of the lower court, on appeal from the order denying a new trial, to the grounds upon which the new trial was asked: Wheeler v. Bolton, 92 Cal. 159, 28 Pac. 558. Appellants cite Simmons v. Hamilton, 56 Cal. 493, and claim that it was there held that the conclusions of law found by the court and the sufficiency of the pleadings could be considered on motion for a new trial. This case has been referred to on the point but once, so far as I can find (In re Doyle's Estate, 73 Cal. 564, 15 Pac. 125), and it was there said that: "A party cannot demand a new trial upon the ground that the court erroneously applied the law to the facts, or drew wrong conclusions of law from the facts found. The remedy in such case is by appeal. . . . . Nothing to the contrary was decided by a majority of this court in Simmons v. Hamilton, 56 Cal. 493." If there is anything in the Simmons case contrary to the rules above stated, it must be deemed to have been long since overruled. We must, therefore, confine our inquiry to alleged errors of law properly specified in the statement, and determine whether the evidence is insufficient to justify the findings in so far as it is so specified.

Turning to the specifications of the insufficiency of the evidence to sustain the findings, it will be seen that all but two of the twenty findings of fact are challenged, and in no single instance is there the slightest attempt to specify wherein the evidence is insufficient, except as to an inconsequential part of finding 12. The form of specification is "that the evidence is insufficient to justify the court in finding," and then sets out the language of the finding, but no specification of any particular wherein the finding is unsupported. The court has many times stated the requirements of Code of Civil Procedure, sections 657, 659. In De Molera v. Martin, 120 Cal. 544, 52 Pac. 825, this was done with much care, and the earlier cases on the point were cited. In Kyle v. Craig, 125 Cal. 107, 57 Pac. 791, the assignment was substantially the same as here, and it was said: "Unless the particulars in which the evidence is said to be insufficient to justify any particular finding or part thereof are pointed out in the assignment of error, we cannot notice the assignments here." In the case of Taylor v. Bell, 128 Cal. 306, 60 Pac. 853, the assignment was in much the same form as here,

and, after stating the finding, continued as follows: "But, on the contrary, the court should have found," etc., stating what, in the opinion of appellant, should have been found. The court said: "These specifications fail to comply with the requirements of section 659 of the Code of Civil Procedure that the statement shall specify the 'particulars' in which the evidence is alleged to be insufficient." It was said by Mr. Justice Temple in the still more recent case of Type Founders' Co. v. Packer, 130 Cal. 459, 62 Pac. 744: "Whenever there is a reasonably successful effort to state 'the particulars,' and they are such as may have been sufficient to inform the opposing counsel and the court of the grounds, and the court has entertained and passed upon the motion, in my opinion this court ought not to refuse to consider the case on appeal; and especially where, as in this case, the transcript shows that all the evidence has been brought up." But in the case before us there is not even a "reasonably successful effort to state the 'particulars,'" for there is no effort at all. What is said is no more than if counsel had said "the evidence is insufficient to justify any one or all of the findings," and had let it go at that.

There are numerous assignments of error in the admission and exclusion of evidence. We have examined these alleged errors with some care, and do not find any ruling that was necessarily prejudicial. Defendants were permitted to prove that it was a custom in the vicinity of the property to permit lessees of land prospecting for oil to burn oil extracted in producing power to run their engines and pumps. Defendants pleaded no such custom, and nothing in the written lease authorized them to use the oil for this purpose, and the lease required defendants to pay to plaintiffs monthly, on demand, "one-tenth of their gross earnings derived from the sale of the products or substances aforesaid" (referring to mineral substances). The court found, among other facts, that plaintiffs "acquiesced in and consented to the use of said oil for fuel." As the evidence in support of this finding cannot be considered, the admission of the evidence could not have affected the plaintiffs' appeal. If plaintiffs consented to the use by defendants of oil for fuel, it is immaterial whether there was or was not such a custom, and, if the

evidence should have been excluded, no harm was done in admitting it.

The order should be affirmed.

We concur: Gray, C.; Cooper, C.

PER CURIAM.—For the reasons given in the foregoing opinion the order is affirmed.