## BELL v. STAACKE et al.[*]

### L. A. No. 1155; October 18, 1902.

#### 70 Pac. 472.

Appeal—Specification of Error.—Code of Civil Procedure, section 648, provides that when the exception is to the verdict or decision, upon the ground of the insufficiency of the evidence to justify it, the objection must specify the "particulars" in which such evidence is alleged to be insufficient. Held, that specifications in a bill of exceptions that the evidence "is insufficient to justify the finding" are defective.

APPEAL from Superior Court, Santa Barbara County; W. S. Day, Judge.

Action by John S. Bell against George Staacke and others. There was judgment for plaintiff, and from an order denying a new trial defendants appeal. Affirmed.

T. Z. Blakeman and Canfield & Starbuck for appellants; Jas. L. Crittenden and Richards & Carrier for respondent.

VAN DYKE, J.—The appellants' appeal from the judgment in this case has been dismissed: 137 Cal. 307, 70 Pac. 171. The matter now before the court for consideration is their appeal from the order denying their motion for a new trial.

In the notice of motion for a new trial, appellants assign, among other grounds, errors of law occurring at the trial, excepted to by such parties, and insufficiency of the evidence

---

[*]For subsequent opinion in bank, see 141 Cal. 186, 74 Pac. 774.

to justify the decision. The bill of exceptions, however, contains no specification on the ground of errors of law. The so-called specification of insufficiency of the evidence is in the following form: "The evidence is insufficient to justify the finding," followed by a statement of what the finding contains; and this is repeated in the same language in reference to each of the twenty-two different findings. The code requires: "When the exception is to the verdict or decision, upon the ground of the insufficiency of the evidence to justify it, the objection must specify the 'particulars' in which such evidence is alleged to be insufficient": Code Civ. Proc., sec. 648. The specification in this case clearly does not comply either with the code or repeated decisions of this court. From the specification it is impossible to ascertain in what particular the evidence fails to support any finding referred to. It is presumed that the findings are supported by the evidence, and it is only proper to require the party who challenges their correctness to point out specifically wherein the evidence fails to support the same. In Kyle v. Craig, 125 Cal. 116, 57 Pac. 795, fifteen errors were assigned, in which it was claimed the evidence was insufficient to justify the findings. This court says: "The only specification wherein the evidence is alleged to be insufficient is, 'The evidence is insufficient to justify,' etc. Unless the particulars in which the evidence is said to be insufficient to justify the particular finding, or part thereof, are pointed out in the assignment of error, we cannot notice the assignments here." In Taylor v. Bell, 128 Cal. 306, 60 Pac. 853, the specifications are like this: "The court should have done" so and so; "The evidence shows," etc.; and, as stated by the court there, "This is a form of specification which has been repeatedly held to be insufficient": See, also, Dawson v. Schloss, 93 Cal. 194, 29 Pac. 31; De Molera v. Martin, 120 Cal. 544, 52 Pac. 825. The evidence contained in the bill of exceptions in this case comprises pages from 154 to 760 of the transcript, embracing 1,820 folios, and, aside from the imperative requirement of the code referred to, it would be quite unreasonable to ask the appellate court to grope through this mass of evidence for the purpose of ascertaining whether any particular finding was supported by the evidence.

In the brief of appellant Staacke's counsel, the attention of the court is not directed to any of the alleged erroneous errors of law occurring at the trial, and counsel for the other appellants calls attention to but three alleged errors of law. These three consist of the following rulings: (1) Sustaining plaintiff's objections to the following question asked Staacke on his direct examination: "Did he [James Wheeler] make any remark to you at the time about the purpose of that deed?" (2) Sustaining the objections to the following question asked Staacke: "Did you have any. conversation then with Thomas Bell?" (3) Sustaining objections to the introduction of the letter of' George Staacke to Louis Jones dated September 21, 1892. The question asked called for a conversation with James Wheeler, Thomas Bell's attorney, about the purpose of the deed of March 7, 1889; and the conversation referred to occurred two months after such deed was executed and recorded, and after plaintiff had taken possession of the ranch. It is not shown that the plaintiff was present at the time of the supposed conversation, or that James Wheeler was his attorney or agent, or was authorized to speak or act for him. So in reference to the question, "Did you have any conversation then with Thomas Bell?" that conversation occurred after the deed from Thomas Bell was executed and recorded; and it is not shown that John S. Bell was present or within hearing at the time of such supposed conversation, and no foundation was laid for the introduction of the alleged conversation between Bell and Staacke. The objections were properly sustained to the introduction of the letter of George Staacke to Louis Jones. It was a private letter written after the death of Thomas Bell, and it was not shown that it had ever been seen by John S. Bell, or that he ever knew anything about its existence. Under the circumstances, the rulings of the court complained of were not erroneous.

The order appealed from is affirmed.

We concur: Garoutte, J.; Harrison, J.