[L. A. No. 10878. In Bank.—June 13, 1931.]

M. N. HURLEY, Appellant, v. A. R. BEHNKE, Respondent.

A. P. Michael Narlian and Joseph N. Beardslee for Appellant.

Frank G. Swain for Respondent.

SHENK, J.—This is an appeal from a judgment for the defendant on his cross-complaint in the sum of $301.06 in an action for an accounting.

The parties hereto entered into an agreement by which the plaintiff sold to the defendant an interest in a business for the manufacture and sale of automobile bumpers. By the terms of the agreement the defendant also rented from the plaintiff the building in which the business was conducted and the plaintiff worked for the defendant at a specified salary. The defendant agreed to pay for the raw stock and material on hand as the same was used at the wholesale market prices as of the date when used. Certain agreements were also made respecting percentages of the net profits to be paid to the plaintiff by the defendant.

The defendant commenced the business on March 8, 1927, and conducted the same up to the twenty-ninth day of June, 1927. On the latter date the parties mutually agreed to rescind their agreement and the plaintiff on that day re-entered possession and assumed the sole conduct of the business. Thereupon the plaintiff filed this action for an accounting. The defendant filed an answer, and a cross-complaint for the delivery of material on hand belonging to the defendant or its value. Upon the trial certain figures estimating the amount of material on hand on June 29, 1927, and the amount of rent, salary, etc., due to the plaintiff from the defendant were conceded. The controversy centered about the amount of material on hand when the defendant entered the business and the amount of the plaintiff's material which was used by the defendant. The trial court found that the defendant used material of the plaintiff valued at $1146.26, and that the defendant was also indebted to the plaintiff in the sum of $241 on account of rent, salary and bills receivable; that at the time of the rescission there was on hand raw material belonging to the defendant valued at $1688.32, of which the plaintiff took possession on June 29, 1927. The trial court thus arrived at the balance of $301.06 due from the plaintiff to the defendant.

The contention is not specifically made that the evidence does not support the findings. But the plaintiff, while conceding that the evidence on the disputed matters is in conflict, nevertheless urges as a ground of appeal that the trial court did not give consideration to the plaintiff's figures of the stock on hand at the commencement of the agreement evidenced by an inventory made by him prior to the execution of the agreement but rather accepted the

testimony of the defendant in that regard. A consideration of the contention involves an inquiry into the credibility of the witnesses and the weight to be accorded their testimony which this court will not indulge.

The point is also made that the court failed to compute the share of the profits due to the plaintiff from the defendant arising from the business during the period in question. The trial court found "that there is nothing due the plaintiff from the defendant except said sums" of $1146.26 and $241. During the trial it was stipulated "that the bookkeeping entries may be withdrawn without filing copies". There is no evidence in the record bearing on the net profits, if any, and no showing is made by the plaintiff that any net profits were earned during that period. In the absence of any such showing it must be assumed that no net profits were made.

The judgment is affirmed.

Richards, J., Seawell, J., Langdon, J., and Preston, J., concurred.