[Civ. No. 3993.  Third Appellate District.—May 21, 1932.]

NICK   PETROFF,   Respondent,   v.   FRED   NUNES, Appellant.

NICK CONDOS, Respondent, v. FRED NUNES, Appellant.

C.   H.   CAMPBELL,   Respondent,   v.   FRED   NUNES, Appellant.

J. Hampton Hoge and A. Dal Thomson for Appellant.

Franklin P. Bull for Respondent.

THOMPSON (R. L.), J.—This is an appeal from an order granting a new trial in the above-entitled consolidated actions after a judgment in favor of the defendant which was rendered in an automobile casualty.

On December 28, 1927, at 11 o'clock in the forenoon, the defendant was driving his Essex automobile easterly along the public highway between Vacaville and Dixon. He was accompanied by the three plaintiffs, who were riding with him as his guests. They were going duck hunting. It had been raining. The pavement was wet. There is a conflict of testimony regarding the essential facts of the case. There is, however, substantial evidence to indicate that the defendant was driving at a negligent rate of speed, in close proximity to another machine which preceded his car, and that he sought to pass this automobile without first ascertaining that his left-hand portion of the highway was free from approaching vehicles. There is evidence to support the assertion that the defendant was driving at the rate of thirty-five or forty miles an hour. His machine had skidded on the wet pavement just prior to the accident, and one of the plaintiffs warned him against excessive speed. About three miles beyond Vacaville the defendant overtook an automobile which was traveling "at a slow rate of speed". The machines were then approaching a bridge. The highway was straight and comparatively level. Both cars were traveling on the extreme right-hand side of the pavement. The defendant's machine was running "right close to it (the forward car), very near to it". Suddenly, just before reaching the bridge, the tail-light of the front machine was flashed on, but the car did not appear to slacken its speed. Without looking to see that the left-hand side of the pavement was clear of approaching machines, the defendant

suddenly turned his machine to pass the forward car on its left-hand side. He did not see an approaching machine. At a point about eighteen or twenty feet beyond the bridge, while his car was still on the left-hand side of the pavement, it was struck by an approaching Ford truck. All of the plaintiffs were injured. Each of the guests riding in the defendant's machine at the time of the accident brought a separate action for damages against him for injuries sustained as a result thereof. In a jury trial of these consolidated cases, a verdict was rendered in favor of the defendant. Judgment was entered accordingly. Upon motion, a new trial was granted, chiefly upon the ground of the insufficiency of the evidence to support the judgment. From this order granting a new trial, the defendant has appealed.

The appellant contends that section 141¾ of the California Vehicle Act, which was adopted by the legislature in 1929, is retroactive in its application, and required the plaintiffs in this action to prove that the defendant was guilty of gross negligence in the operation of his machine in order to entitle them to damages. It is asserted the court erred in granting the motion for new trial because the record is devoid of evidence of negligence on the part of the defendant.

A motion for new trial which is based upon the ground of insufficiency of the evidence to support the judgment is addressed to the sound discretion of the court, and the granting or refusal of a new trial will not be disturbed on appeal except for an abuse of this discretion. (20 Cal. Jur. 27, sec. 13; 2 Cal. Jur. 905, sec. 533.)

Section 141¾ of the California Vehicle Act is not retroactive. It has no application to the rule of evidence requiring a guest who is riding in an automobile to prove gross negligence on the part of the owner as a basis for damages for injuries sustained as a result of an accident which occurred prior to the enactment of that provision of the law. (*Krause* v. *Rarity*, 210 Cal. 644 [293 Pac. 62]; *Smellie* v. *Southern Pac. Co.*, 212 Cal. 540 [299 Pac. 529].) The accident which is involved in this case occurred in 1927. It was therefore unnecessary to prove gross negligence against the defendant in order to establish a liability against him in the present case.

■ The record contains evidence from which the court was warranted in inferring that the defendant was guilty of negligence which proximately contributed to the injuries which were sustained by the plaintiffs. The court may have reasonably inferred from the evidence that the defendant drove his machine at an excessive rate of speed, considering the presence of a wet pavement, to a position in dangerous proximity to the automobile which preceded his car, and that when he sought to pass this car, he failed to first ascertain that the highway was free from approaching vehicles for a distance of one hundred yards ahead. Section 122 of the California Vehicle Act, as it then existed, provided that:

"On all occasions, the driver of a vehicle shall drive the same upon the right half of a public highway and close to the right-hand edge or curb of such highway, unless it is impracticable to travel on such side of the highway and except when overtaking and passing other vehicles, in which latter case, the vehicle may be driven on the left side of the highway *if such left side is clear and unobstructed for at least one hundred yards ahead.*"

The defendant testified that he did not see the approaching Ford truck which struck his machine at a point just beyond the bridge. The defendant's car had traversed a very short distance in passing the automobile. It was broad daylight. The atmosphere was then clear. The highway was level and straight. There was no congestion of traffic. There was no excuse for failure to see the approaching Ford truck. It is therefore reasonable to conclude the defendant failed to look for approaching vehicles before he proceeded to pass the car. This omission is evidence of actionable negligence. There appears to be no abuse of discretion on the part of the trial court in granting the motion for a new trial.

There is evidence that the defendant's machine skidded in passing the other car. The appellant contends the accident occurred from the unavoidable skidding of the machine. The court was warranted in concluding that the skidding occurred because of the excessive rate of speed at which the defendant was running on a wet pavement, or that it was the result of negligent failure to ascertain that the highway was free from approaching vehicles before the turn was made upon the left-hand portion of the highway. The cause

of the accident became a question of fact to be determined by the court. In view of the conflict of evidence which the present record discloses, the order granting a new trial should not be disturbed.

The order is affirmed.

Preston, P. J., and Plummer, J., concurred.