[Civ. No. 5584. Third Appellate District.—September 21, 1936.]

E. N. FRANKLIN, Respondent, v. JOHN BETTENCOURT, Appellant.

J. Oscar Goldstein and W. H. Hatfield for Appellant.

Albert E. Sheets for Respondent.

THOMPSON, J.—This is a motion under the provisions of rule V, section 3, of the Rules for the Supreme Court and the District Courts of Appeal to dismiss the appeal or affirm the order granting a new trial, on the ground that the appeal was taken for delay and is frivolous. The appeal is from the judgment roll only. The evidence and proceedings of the trial are not before this court.

The plaintiff Franklin brought suit against the defendant Bettencourt for approximately $28,000 damages for serious and permanent injuries sustained as a result of an automobile collision which is alleged to have occurred through the negligence of the appellant. The appellant denied the material allegations of the complaint, and filed a cross-complaint against the respondent and one Elmer, Martin, affirmatively alleging that the collision occurred through the negligence of the cross-defendants, asking for damages against them. The respondent answered the cross-complaint, denying the material allegations thereof. The record fails to show that summons on the cross-complaint was issued or served on Elmer Martin. He made no appearance in the case. Judgment was not rendered for or against Elmer Martin. At the trial of the cause with a jury a verdict was returned in favor of the respondent Franklin in the sum of $650. Judgment was rendered accordingly. Appellant neither presented special issues for the determination of the jury nor objected to the verdict or judgment which were rendered. The plaintiff, however, was dissatisfied with the amount of the judgment and moved for a new trial on the sole ground that the amount of damages awarded by the verdict and judgment is inadequate to compensate him for the permanent and serious injuries which he sustained. The motion for a new trial was granted on that ground only. From the order granting a new trial this appeal was perfected. The appeal was taken from the judgment roll only. The evidence and proceedings of the trial are not before this court. After the appellant's brief on appeal had been filed, the respondent moved this court under the provisions of rule V, section 3, of the Rules for the Supreme Court and the District Courts of Appeal to dismiss the appeal or affirm the order on the ground that the appeal is frivolous.

The appellant insists that the appeal is meritorious for the reason that it appears the jury failed to render a finding with relation to the alleged negligence of the respondent and Elmer Martin which was charged in the cross-complaint, and that the verdict is therefore void. We are of the opinion there is no merit in this contention.

Since this appeal is from the judgment roll only, and the evidence is not before this court, in support of the judgment which was rendered, this court is bound to assume there was no evidence adduced to support the appellant's allegation in the cross-complaint that the collision in question occurred through the negligence of the respondent. In the absence of evidence to support the asserted issue in a case, an appellant may not complain of a failure to adopt findings thereon. (*Delanoy* v. *Delanoy*, 216 Cal. 23 [13 Pac. (2d) 513] ; *Hurley* v. *Behnke*, 212 Cal. 761 [300 Pac. 820] ; 2 Cal. Jur. 689, sec. 395.) In the Delanoy case, *supra*, it is said in that regard:

"When an appeal is perfected on the judgment-roll alone we must assume that all the findings of the lower court are amply sustained by the evidence. *Even though it appears that the trial court failed to find on an issue raised by the pleadings, error cannot be predicated on such failure in the absence of a record showing that evidence was introduced on such issue sufficient to sustain a finding on behalf of the appellant.* (2 Cal. Jur. 525, sec. 262.) In order to warrant a reversal of a judgment for failure to find on an issue it must be shown by the record on appeal that evidence sufficient to sustain a finding for the complaining party was introduced. (24 Cal. Jur. 947, sec. 189.)"

In the present case we must therefore assume there was no evidence to support the appellant's issue respecting the alleged negligence of the respondent which would support a finding to that effect. The failure to adopt a finding on that issue may therefore not be considered under the circumstances of this case.

Moreover, this is not an appeal from the judgment, but, on the contrary, is a mere appeal from the order granting a new trial as to a certain issue, namely the amount of damages to be awarded to the plaintiff. If the verdict is void as asserted by the appellant, that would furnish valid rea-

son for setting it aside. But it was not void, as we have previously held.

■ Under the provisions of section 657 of the Code of Civil Procedure, a new trial may be granted when it appears that the verdict and judgment are not justified by the evidence either because the amount of damages awarded is excessive or grossly inadequate. (*Taylor* v. *Northern Elec. Ry. Co.*, 26 Cal. App. 765 [148 Pac. 543]; *Donnatin* v. *Union H. & M. Co.*, 38 Cal. App. 8 [175 Pac. 26, 177 Pac. 845]; *Phillips* v. *Lyon*, 109 Cal. App. 264 [292 Pac. 711]; 20 Cal. Jur. 104, sec. 67; 20 R. C. L. 283, sec. 67; 46 C. J. 207, sec. 152; 1 Hayne on New Trial, 455, sec. 95.)

It has been uniformly held that a trial court may grant a new trial in a proper case on the sole ground of insufficiency of the evidence to support the verdict and judgment for the reason that the amount of damages awarded is deemed to be either excessive or grossly inadequate to compensate for the injuries sustained. (*Tumelty* v. *Peerless Stages*, 96 Cal. App. 530 [274 Pac. 430]; *Hurley* v. *Behnke*, 212 Cal. 761 [300 Pac. 820].) ■ The granting or refusal of a new trial is a statutory proceeding entirely independent of the issues which may be involved on an appeal from the judgment itself. (*Bode* v. *Lee*, 102 Cal. 583 [36 Pac 936].) A motion for new trial which is based on the insufficiency of the evidence to support the judgment is addressed to the sound discretion of the court, and the granting or refusing of a new trial on that ground will not be disturbed on appeal except for a clear abuse of discretion. (*Petroff* v. *Nunes*, 123 Cal. App. 614 [11 Pac. (2d) 648]; 20 Cal. Jur. 27, sec. 13; 2 Cal. Jur. 905, sec. 533.) There appears to be no abuse of discretion in granting a new trial in the present case.

The motion to dismiss the appeal is denied. The order granting a new trial on the issue of the amount of damages awarded in compensation of the respondent's injuries which were sustained as a result of the accident is affirmed.

Plummer, J., and Pullen, P. J., concurred.