[No. 14085. Department One. — February 4, 1892.]

GEORGE DAWSON, RESPONDENT, v. SIGMUND B. SCHLOSS, APPELLANT, AND PHILIP HINKLE, DEFENDANT.

JOINT TORT-FEASORS — JOINT ACTION — NEW TRIAL AS TO ONE DEFENDANT — SEVERAL JUDGMENTS. — Where joint tort-feasors are sued jointly, and a judgment recovered against both, and a new trial is granted to one of them only, resulting in a judgment against him for a smaller amount than that of the first judgment still standing against the other defendant, the last judgment cannot be reversed upon the ground that there can be but one verdict or judgment in the joint action, there being no pretense that any part of the first judgment had been paid or satisfied.

ID. — SEVERAL LIABILITY — SATISFACTION THE ONLY BAR. — A party injured by joint tort-feasors may bring separate suits against them, and proceed to judgment in each, and no bar arises to any of them until satisfaction is received.

ID. — FORM OF PROCEEDING IMMATERIAL. — Where the bar accrues in favor of some of the wrong-doers by reason of what has been received from or done in respect to one or more others, it arises not from any

particular form the proceeding assumes, but from the fact that the injured party has actually received satisfaction.

MALICIOUS PROSECUTION — NEW TRIAL — SPECIFICATIONS — INSUFFICIENCY OF EVIDENCE — APPEAL. — Upon an appeal by a defendant from an order denying a new trial in an action for a malicious prosecution, where the statement on motion for a new trial contains no specification as to the insufficiency of the evidence to justify the verdict in the particulars that the prosecution was malicious, and that it was without probable cause, such points will not be considered.

ID. — PROSECUTION UPON ADVICE OF COUNSEL — BURDEN OF PROOF — KNOWLEDGE OF COUNSEL — GOOD FAITH. — In an action for a malicious prosecution upon a criminal charge, in order that the defendant may escape responsibility for the prosecution upon the ground that he acted in good faith upon the advice of counsel that there was probable cause for believing the plaintiff guilty of the crime charged, he must prove that before receiving the advice he fairly and fully stated to his counsel, or at least that his counsel knew, all the facts within defendant's knowledge tending to prove or disprove probable cause for the prosecution; and also, that at the time of commencing the prosecution he believed the plaintiff to be guilty as charged.

ID. — EVIDENCE — CHARGE OF PERJURY — SOURCE OF ATTORNEY'S KNOWLEDGE — STATEMENT OF OPPOSITE ATTORNEY. — Where the malicious prosecution is alleged to have been for a charge of perjury in an answer to a former action, and it is claimed upon the trial of the action for malicious prosecution that the attorney's advice to the defendant, as to probable cause for the prosecution, was grounded in part upon knowledge derived from others than the defendant, evidence of such attorney, as to what the attorney for the plaintiff had said while representing him in the original action in regard to the answer therein, is properly excluded.

ID. — PERJURY AS TO PAYMENT OF RENT — INSTRUCTION — NON-PAYMENT — GOOD FAITH — KNOWLEDGE. — Where the charge of perjury related to an answer under oath in an action that the rent of premises in controversy had been paid by the defendant, in an action against the accuser for malicious prosecution it is not error for the court to refuse to charge the jury that if they believed "that a demand for rent" had been made upon him, and "that the rent had not been paid at the time the answer in said suit was sworn to and filed, there was 'probable cause,'" etc., as such instruction entirely ignored the evidence, on the part of the plaintiff, tending to prove that he had good reasons to believe, and did believe, that he had paid the rent, and that the defendant so understood at the time he commenced the prosecution of plaintiff for perjury.

REVIEW UPON APPEAL — INSTRUCTIONS ASKED BY APPELLANT — EXCEPTIONS DISREGARDED. — Where the record upon appeal shows that all the instructions given to the jury were given at the request of the appellant, and nothing to the contrary is shown, other than an exception to the instructions by the appellant's counsel, the record must be taken as decisive of the question, and the exceptions to the instructions given must be disregarded.

NEW TRIAL — STATEMENT — SPECIFICATION AS TO WHAT EVIDENCE SHOWS. — An allegation in a statement upon motion for new trial, under the head

of "Specifications of particulars in which the evidence is insufficient to justify the verdict," as to "what the evidence shows" is unnecessary and out of place in the specifications required by section 659 of the Code of Civil Procedure, and is insufficient as a specification.

ID. — GENERAL SPECIFICATION. — A general specification that "there is no evidence to support the verdict" is insufficient, where there are several facts involved in and affirmed by the verdict.

ID. — SPECIFICATION OF PARTICULARS. — The specification should distinguish each particular proposition of fact excepted to from all others involved in the findings of the court or in the verdict of the jury.

ID. — NEW TRIAL — EVIDENCE — QUESTIONS UPON FORMER TESTIMONY. — Where one of two defendants in an action of malicious prosecution was granted a new trial, and the other defendant was called as a witness for the plaintiff upon the new trial, and a portion of his former testimony was read to him for the purpose of refreshing his memory, and he was asked, against the objection of the defendant, if he had so testified, but he did not answer, and what was read as his former testimony was afterward stricken out by the court, and it also appeared that such testimony contained nothing prejudicial to the defendant which the defendant had not admitted in his own testimony, no prejudicial error was thereby committed.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial..

The facts are stated in the opinion.

*Olney, Chickering & Thomas*, for Appellant.

While separate suits may be brought against each of joint tort-feasors, yet it is well settled that if the defendants are sued jointly, as here, there can be but one verdict and judgment. (Cooley on Torts, 2d ed., 155–157; *McCool* v. *Mahoney*, 54 Cal. 492; *Rankin* v. *Central Pacific R. R. Co.*, 73 Cal. 93; *McCalla* v. *Shaw*, 72 Ga. 458; *Currier* v. *Swan*, 63 Me. 323; *Miller* v. *Bryden*, 34 Mo. App. 602; *Schweickhardt* v. *City of St. Louis*, 2 Mo. App. 573; *Tompkins* v. *Clay Street R. R. Co.*, 66 Cal. 164.) The question of what is or is not probable cause is a question for the court, and not for the jury. (*Fulton* v. *Onesti*, 66 Cal. 575.) Under the circumstances in this case, it cannot be said that the appellant acted without probable cause when he swore to the complaint charging perjury. (Cooley on Torts, 2d ed., 209; *Bacon* v. *Towne*, 4 Cush. 238.) If there was probable cause for the pros-

ecution, then the fact that the prosecutor was actuated by malice becomes immaterial, and the jury should have been so told. (*Ames* v. *Snider*, 69 Ill. 376; *Smith* v. *Austin*, 49 Mich. 286; *Emerson* v. *Cochran*, 111 Pa. St. 619; *Flickinger* v. *Wagner*, 46 Md. 580.) All the authorities hold that there must be a union of both malice and want of probable cause, in order to maintain the action for malicious prosecution. (*Jones* v. *Jones*, 71 Cal. 89.) The following cases in this court discuss questions applicable here: *Lyon* v. *Hancock*, 35 Cal. 373; *Ganea* v. *Southern Pacific R. R. Co.*, 51 Cal. 140; *Hahn* v. *Schmidt*, 64 Cal. 284; *Lamb* v. *Galland*, 44 Cal. 611.

*H. H. Lowenthal*, for Respondent.

It is only where a judgment in a joint action for a tort *ex delicto* is rendered against one, and satisfied, that the rule contended for by the appellant, that there can be but one verdict or judgment, applies; and then only when pleaded in bar. (*Tompkins* v. *Clay Street R. R. Co.*, 66 Cal. 163; see *Urton* v. *Price*, 57 Cal. 270; Cooley on Torts, 138, 139; *Bank of Stockton* v. *Howland*, 42 Cal. 135; *McCreery* v. *Everding*, 44 Cal. 285.) The specifications of particulars in which the evidence is insufficient to justify the verdict cannot be considered, as they merely and only state what the evidence shows. (Code Civ. Proc., sec. 659, subd. 3; Hayne on New Trial and Appeal, 428, 432.) That the appellant was actuated by malice in the arrest and prosecution of the respondent is manifest from the evidence. The existence of malice was a question exclusively for the jury. (*Stewart* v. *Sonneborn*, 98 U. S. 192.) A party, in order to shield himself from a prosecution for an alleged malicious arrest by advice of counsel, must make a full statement of all the material facts to the attorney advising him. (*Roy* v. *Goings*, 112 Ill. 656; *Cuthbert* v. *Galloway*, 35 Fed. Rep. 466; *Donnelly* v. *Daggett*, 145 Mass. 314; *Paddock* v. *Watts*, 116 Ind. 146; 9 Am. St. Rep. 832; *Walker* v. *Camp*, 69 Iowa, 741; *Forbes* v. *Hagman*, 75 Va. 168; *Norrell* v. *Vogel*, 39 Minn. 107; *McLeod* v. *McLeod*, 73 Ala. 72.) Such

facts and circumstances must not only exist, but the defendant must have believed in the guilt of the plaintiff. (14 Am. & Eng. Ency. of Law, 26; *Spear* v. *Hiles*, 67 Wis. 350; *Cole* v. *Curtis*, 16 Minn. 182; *Vinal* v. *Core*, 18 W. Va. 1; *Krulevitz* v. *Eastern R. R. Co.*, 143 Mass. 228.) The fact that defendant acted upon the advice of counsel is not in itself a defense, but is a circumstance to be considered by the jury. (*Hobb* v. *Pinckney*, 16 S. C. 387; *Jacobs* v. *Crum*, 62 Tex. 411; *Ramsey* v. *Arrott*, 64 Tex. 322; *Glasgow* v. *Owen*, 69 Tex. 167; *Watt* v. *Corey*, 76 Me. 87.) If the jury can see, from all the facts, that the suit was malicious, notwithstanding the advice of counsel, that fact affords no protection. (*Brown* v. *Jacob*, 22 Fed. Rep. 217; *Sharpe* v. *Johnston*, 76 Mo. 660; *Kelley* v. *Sage*, 12 Kan. 109; *Gabel* v. *Weisensee*, 49 Tex. 131.) Although the facts known make out a *prima facie* case of guilt, yet if the circumstances are consistent with the innocence of the party, and the prosecutor knows the accused is not guilty, or does not believe him to be guilty, he cannot have reasonable cause for the prosecution. (Townshend on Slander and Libel, sec. 428, p. 715; *Woodworth* v. *Mills*, 61 Wis. 44; *Hampton* v. *Jones*, 58 Iowa, 317; *Fagnan* v. *Knox*, 66 N. Y. 525.) All the instructions given were given at the request of the defendant, who cannot now object to them. (*People* v. *Lopez*, 59 Cal. 362; *Harrison* v. *Spring Valley etc. Gold Co.*, 65 Cal. 376.)

VANCLIEF, C. — Action for malicious prosecution on a charge of perjury in verifying an answer in an action by Schloss and others against Dawson and others. On the first trial, plaintiff recovered a judgment against both defendants for the sum of five thousand dollars and costs. A new trial was granted to Schloss alone.

The new trial resulted in a verdict and judgment against Schloss for three thousand dollars, and Schloss alone appeals from this judgment against him, and from an order denying his motion for a new trial.

Both trials were by jury, and the judgment against Hinkle remains in force, but wholly unsatisfied.

1. It is contended by counsel for appellant that no judgment should have been rendered against Schloss on the new trial so long as the original judgment of five thousand dollars existed against Hinkle; that "while separate suits may be brought against each of joint tort-feasors, yet it is well settled that if the defendants are sued jointly, as here, there can be but one verdict and judgment."

Such is not the prevailing rule in the United States. Says Judge Cooley, at page 159 of his book on Torts (2d ed.): "The rule laid down by that eminent jurist, Kent, in *Livingston* v. *Bishop*, 1 Johns. 290, 3 Am. Dec. 330, and which has since been generally followed in this country, is, that the party injured may bring separate suits against the wrong-doers, and proceed to judgment in each; and that no bar arises to any of them until satisfaction is received." (See cases cited in note.)

The same author, on page 160, says: "It is to be observed in respect to the point above considered, where the bar accrues in favor of some of the wrong-doers by reason of what has been received from or done in respect to one or more others, that the bar arises, not from any particular form that the proceeding assumes, but from the fact that the injured party has actually received satisfaction, or what in law is deemed the equivalent." This passage is quoted with implied approval by Mr. Justice McKinstry in *Urton* v. *Price*, 57 Cal. 270. (See also *Tompkins* v. *Clay Street R. R. Co.*, 66 Cal. 164.) There is nothing in the California cases cited by counsel for appellant opposed to the above quotations from Judge Cooley.

There is no pretense that any part of the judgment against Hinkle has been paid or satisfied, or even that execution has been taken out upon that judgment.

2. In their brief, counsel for appellant make and specify the points that the evidence does not justify the verdict that defendant prosecuted plaintiff maliciously, or without probable cause.

Counsel for respondent object to the consideration of

these points, for the alleged reason that they are not specified in the statement on motion for new trial; and, in my opinion, this objection should be sustained.

The truth of several propositions of fact are essential to constitute a cause of action for malicious prosecution which must be alleged in the complaint, and which are alleged in this complaint. Among them are the two propositions that the prosecution was malicious, and that it was without probable cause. There is no specification in the statement on motion for new trial that either of these is not justified by the evidence. Under the head of "*Specifications of particulars in which the evidence is insufficient to justify the verdict*," counsel undertake to allege what "the evidence shows," which is unnecessary and out of place in the specifications required by section 659 of the Code of Civil Procedure; yet do not allege even "that the evidence shows" either of the two propositions to be untrue. Indeed, neither of these propositions is stated or referred to in the so-called specifications. It is further alleged: "There is no evidence to support the verdict as against the defendant Schloss"; but this is not a specification of any particular one of the several facts involved in and affirmed by the verdict. If this is sufficient, it would be sufficient, in any case tried without a jury, to allege merely that there is no evidence to support the findings of fact, even though there may be twenty distinct findings of fact. (*Edelbuttel* v. *Durrell*, 55 Cal. 277.) Of course, the specification is not required to be made in any particular form of words, but, in some form, should distinguish each particular proposition of fact excepted to from all others found by the court or involved in a general verdict of a jury. Hence it has been held that a statement that there is no evidence to support a *particular* finding of fact is a sufficient specification of the particlar finding alleged not to be justified by the evidence (*Knott* v. *Peden*, 84 Cal. 300); and such a specification of a particular fact involved in a general verdict would probably be held sufficient.

The principal object of requiring these specifications

in statements on motions for new trial and in bills of exceptions is to abbreviate the statement of evidence by restricting it to such as is relevant and material to prove or disprove the specified fact. By the specifications required, the opposing party and the judge are notified of the exact points of contest, and thereby enabled to determine what evidence should be brought into the statement and what should be excluded therefrom. Without such specifications, the judge could not perform the duty enjoined upon him "to strike out of it [the statement or bill of exceptions] all redundant and useless matter," and to make the statement truly represent the case (Code Civ. Proc., secs. 650, 659); nor would the opposing party have any means of distinguishing what portions of the evidence would be redundant, from that which tends to prove the issue on his part; and the consequence would generally be, that all the evidence would be brought into the statement or bill of exceptions, though nine tenths of it were irrelevant and useless. So important were the required specifications in a statement on motion for new trial regarded by the legislature, that it enacted: "If no such specifications be made, the statement shall be disregarded on the hearing of the motion" (Code Civ. Proc., sec. 659); and this penalty has been enforced by this court in so many cases, that there seems to be no excuse for failure to comply with the code rule, especially as a compliance with the rule is not difficult in any case, it being much easier to state in a few lines each distinct proposition of fact not justified by the evidence, than, as is often done, to cover pages with a restatement of evidence, and of counsel's arguments and inferences therefrom as to what the evidence shows, and thus obscuring, if not entirely concealing, the specific points to be contested upon the hearing of the motion or on appeal.

But should it be conceded that the specifications are sufficient, I think the statement on motion for a new trial contains evidence tending to prove both malice and want of probable cause; and although such evidence, as

it appears in the record, may seem to be overbalanced by rebutting evidence, it is nevertheless sufficient, under the well-settled rule of this court, to justify the verdict of the jury.

3. Appellant contends that he was advised by counsel that there was probable cause for believing respondent guilty of perjury; that he in good faith acted upon such advice; and, therefore, that he is not responsible, even though there may have been no probable cause.

In order to avail himself of this defense, it devolved upon the defendant to prove that before receiving the advice he had fairly and fully communicated to his counsel, or at least that his counsel knew, all the facts within defendant's knowledge tending to prove or to disprove probable cause for the prosecution; and also that at the time of commencing the prosecution the defendant believed the plaintiff to be guilty as charged. (*Harkrader* v. *Moore*, 44 Cal. 144.)

Did the defendant make the required communication to his own counsel? And did he believe the plaintiff guilty, at the time he made his affidavit to that effect? These questions having been properly submitted to the jury with proper instructions by the court, the verdict necessarily implies that the jury answered one of them, at least, in the negative; and since there is no specification that the evidence did not justify the verdict in any particular, the verdict is conclusive of all facts necessarily implied in it. Besides, I think there was evidence tending to prove that the defendant did not fully state to his counsel the facts within his knowledge, tending to exculpate the plaintiff from the charge of perjury. To make this fairly appear, however, would require a tedious statement of the evidence, which, in view of the defective specifications of particulars in which the evidence is insufficient, is deemed unnecessary.

4. Plaintiff called as a witness the defendant Hinkle, whose memory seemed bad, and, for the purpose of refreshing his memory, was permitted, against the objection of defendant, to read to the witness a portion of his

testimony on the former trial, and to ask him if he so testified. The witness did not answer this question, and what was so read as his former testimony was afterwards stricken out by the court.

Again, plaintiff's counsel asked the witness if he did not give a certain answer to a certain question on the former trial, to which witness answered, "I cannot recollect the words."

Under the circumstances, it does not appear that the action of the court amounted to an abuse of discretion. But if it did, the defendant was not injured by it. The portion of Hinkle's former testimony which was read contained nothing prejudicial to defendant which defendant did not admit in his own testimony, viz., that in a certain conversation, he (defendant) "spoke of arresting Dawson for perjury." When the witness answered that he did not recollect what was his answer to a certain question on the former trial, his answer at the former trial was not read; and the only possible ground of objection to this last question is, that it was in the nature of cross-examination of plaintiff's own witness; but this ground of objection was not stated.

5. It was claimed on the trial that Mr. Olney's advice to defendant as to "probable cause" was grounded in part upon knowledge derived from others than defendant; and Mr. Olney, as a witness for defendant, was asked to state what Mr. McGowan, as Dawson's attorney, had said while representing Dawson on the trial of the case in which Dawson was charged with perjury in his answer, without showing that Dawson was present or in any way assented to what McGowan said. After testifying that he was present in court on that occasion, Mr. Olney testified as follows: —

"*Mr. Reddy.* — Q. Were you informed in any way by Mr. McGowan or any other person, on the part of Dawson, at any time, as to what the defendant (Dawson) meant by the plea of payment in that answer?"

An objection to this question was sustained by the court.

"Q. Were you informed of what the plaintiff meant by his plea of payment in that answer? A. I cannot answer that question exactly by yes or no. If you will fix the time and place, I can state what I remember.

"Q. After the answer was filed, were you informed? A. Well, I can say yes, if you will allow me to modify my answer, because it is a little too sweeping.

"*The Court.* — You can explain it. A. (continued). With that understanding, I say yes; but I desire to explain it. I will have to state what I said in court, and what Mr. McGowan, representing Mr. Dawson, said.

"*The Court.* — That is what I have ruled out.

"*Witness.* — That is all I know about it, — what took place in the court-room at the time of the trial before Judge Rearden on the first day of June, and it was said by Mr. McGowan, who was there representing Mr. Dawson. It came up in regard to this answer; and it was a statement in regard to the answer.

"*The Court.* — Then the objection is sustained."

I think the objection was properly sustained.

6. It is insisted that certain instructions asked by defendant's counsel (numbered 2, 12, 13, and 15), and refused by the court, should have been given. The whole substance of Nos. 2, 12, 15, and so much of No. 13 as is correct, was, substantially, given in other instructions. No. 13 is erroneous, in that the court is asked to charge that if the jury believed "that a demand for rent and possession of the premises in question was made upon Dawson on the twenty-fifth day of February, 1885, and that the rent had not been paid at the time the answer in said suit was sworn to and filed, there was 'probable cause,'" etc.

From these facts it would not necessarily follow that Dawson's verified answer that the rent had been paid by him was willfully false, nor that Schloss had reasonable grounds for so believing. The instructions as asked entirely ignore the evidence on the part of the plaintiff tending to prove that he had good reasons to believe, and did believe, that the rent had been paid by him, and

that Schloss so understood at the time he commenced the prosecution of plaintiff for perjury.

7. It is also insisted that in three particulars the instructions given are erroneous.

The court introduced its instructions to the jury in the following language: "Gentlemen of the jury, at the request of the defendant in this case, I give you the following instructions."

Then follow all the instructions shown to have been given. With one exception, these instructions are quite as favorable to defendant as he was entitled to ask. At folio 318 the following erroneous sentence is found in the instructions given: "If you find in this case that malice existed upon his (defendant's) part, then the plaintiff would be entitled to recover."

Three times before and once after this sentence the court correctly and distinctly instructed the jury that before the plaintiff could recover, he must prove that the prosecution was both malicious and without probable cause. The introduction of the erroneous sentence, whether by the court or by defendant's attorney, was probably accidental, as it is inconsistent with four other instructions given. The record, in the language of the court, shows that the erroneous instruction was given at the request of the defendant; and nothing to the contrary being suggested, except the improbability that defendant's counsel excepted to instructions asked by themselves, and as it is not impossible that counsel for defendant excepted to instructions requested by themselves (*People* v. *Lopez*, 59 Cal. 362; *Harrison* v. *Spring Valley Hydraulic Gold Co.*, 65 Cal. 376), the record must be taken as decisive of the question. The consequence is, that appellant's exceptions to the instructions given should be disregarded.

I think the judgment and order should be affirmed.

FITZGERALD, C., and FOOTE, C., concurred.

THE COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Hearing in Bank denied.