[S. F. No. 5145.    Department One.—November 6, 1909.]

## O. R. COLE, Respondent, v. ROEBLING CONSTRUCTION COMPANY (a Corporation), Defendant, and JAMES WILSON, Defendant and Appellant.

Judgment by Default—Refusal to Vacate—Conflict of Evidence.
—When the evidence is conflicting as to the alleged fact upon which alone a defendant claimed the right to be relieved from a default judgment, the decision of the trial court refusing to vacate the judgment is conclusive on appeal.

Id.—Amendment After Default—Service on Defaulting Defendant.—Where, after the default of a defendant has been entered, a complaint is amended in matter of substance as distinguished from mere matter of form, the amendment opens the default, and unless the amended pleading be served on the defaulting defendant, no judgment can properly be entered on the default.

Id.—Amendment After Judgment by Default—Service of Amendment Unnecessary.—Where, however, in an action against several defendants, a judgment is entered against a defaulting defendant before any amendment was made, there being at the time of such judgment a good and sufficient complaint on file with a copy of which he had been duly served and which constituted the basis of the judgment, the action, at the time of the amendment, had been finally disposed of as to him, and it was unnecessary to serve the amended complaint on him. Under such circumstances, the defaulting defendant could not be "affected" by the subsequent amendment, within the meaning of section 432 of the Code of Civil Procedure, nor was he longer an "adverse party" within the meaning of sections 465 and 472 of that code.

Id.—Defendants Charged as Joint Tort-Feasors—Default against One Defendant—Continuance of Action against Other.—In an action to recover damages for personal injuries against two defendants who are jointly charged to have been guilty of the negligence alleged to have been the cause of the injuries, the court has power, under sections 579 and 585 of the Code of Civil Procedure, to render a several judgment by default against one of the defendants, and to allow the action to proceed against the other.

Id.—Judgment against Other Defendant—Satisfaction—Judgment not a Bar.—It is no objection to such practice, that the court might proceed to the trial of the case as against the remaining defendant, and enter up a new and separate, and perhaps a different, judgment from the one entered against the defaulting defendant. No bar arises as to any of the joint wrongdoers until the injured party has received satisfaction, or what in law is deemed its equivalent, and a judgment against one wrongdoer which remains wholly unsatisfied is not such satisfaction.

APPEAL from an order of the Superior Court of the City and County of San Francisco refusing to vacate a default and judgment based thereon.  F. J. Murasky, Judge.

The facts are stated in the opinion of the court.

Wm. M. Abbott, and J. J. Lermen, for Appellant.

Hiram W. Johnson, and D. M. Duffy, for Plaintiff and Respondent.

T. C. Coogan, for defendant Roebling Construction Company.

ANGELLOTTI, J.—This action was one for the recovery of $6618 damages for personal injuries alleged to have been suffered by reason of the negligence of defendants.  The complaint alleged that the "defendants, their servants, agents and employees" negligently threw from a building into a street along which plaintiff was passing "a heavy solid plank," in such a manner that it struck plaintiff, inflicting upon him permanent and other injuries, by all of which he had been damaged "at the present time" in the sum already specified. The action was commenced in the superior court of the city and county of San Francisco on February 13, 1907.  Summons was duly served on both defendants on February 15, 1907.  Defendant Wilson having failed to appear within the time allowed by law, his default was entered on March 1, 1907.  The other defendant appeared and filed a demurrer and a motion to strike out a portion of the complaint.  On March 22, 1907, the motion to strike out was granted.  The effect of this order was simply to strike out the following: "That it cannot now be told what the permanent effects of the said injury will be other than the loss of the said toes of the plaintiff, and for that reason the plaintiff avers that his damage will be continuous and increasing."  It does not appear that the demurrer was sustained and the striking out of this portion did not leave it any way defective.  It alleged in another place the loss of three of plaintiff's toes by reason of the negligence, and also that thereby plaintiff "has been permanently maimed, injured and crippled."  On March 29, 1907, defendant Wilson not having appeared, the court pro-

ceeded with the hearing of the cause as to him, he not being present and not having been notified. The court found that he had been regularly served and that his default had been duly entered, and that all of the allegations of the complaint are true except that as to the amount of damage. It further found that the damage was $6318, and ordered a judgment against Wilson accordingly. The findings and decision were filed on March 29, 1907, and judgment was given against Wilson for that amount on the same day and entered on March 30, 1907. On April 1, 1907, plaintiff filed an amended complaint. This was an exact copy of the original, except that the matter that had been stricken out was omitted, and in lieu thereof there was inserted the following: "That the injuries of plaintiff are permanent; that his damage will be continuous and increasing." The amended complaint was not served on Wilson. On May 24, 1907, the other defendant filed its answer thereto, and at the time of the hearing of the motion hereinafter referred to, the cause was at issue between plaintiff and said defendant on said amended complaint and said answer. On June 15, 1907, Wilson made his first appearance in the action by moving to vacate the default and judgment against him, on the ground of excusable neglect on his part in theretofore failing to appear and answer, and also on the grounds that the judgment was inadvertently rendered by the court, was irregular and was without the jurisdiction of the court. This motion was denied on July 28, 1908, and this is an appeal by Wilson from the order denying his motion.

Learned counsel for appellant frankly admit that so far as their motion was based on the ground that the judgment was taken against him through his excusable neglect, their case on appeal from the order of the trial court denying relief is not a strong one. This is clearly apparent when the record is examined. Indeed, the showing was of such a nature that, notwithstanding the established tendency in favor of a trial on the merits, it might well have been contended that the granting of the motion would have been an abuse of discretion on the part of the trial court. But it is sufficient to say that as to the alleged fact upon which alone appellant claimed to have relied in failing to himself appear and defend there was a substantial conflict of evidence and the

decision of the trial court thereon is conclusive here. We may add that the preponderance of evidence on this question of fact was clearly against appellant.

As we have seen, an amended complaint was filed *subsequent* to the entry of the default which was never served upon appellant. It is earnestly urged that the effect of this was to open the default and make the judgment entered irregular, one inadvertently rendered, and one given without jurisdiction. It is settled by a long line of decisions that where, after the default of a defendant has been entered, a complaint is amended in matter of substance as distinguished from mere matter of form, the amendment opens the default, and unless the amended pleading be served on the defaulting defendant, no judgment can properly be entered on the default. (See *Thompson* v. *Johnson,* 60 Cal. 292; *Rheinhart* v. *Lugo,* 86 Cal. 399, [21 Am. St. Rep. 52, 24 Pac. 1089]; *Witter* v. *Bachman,* 117 Cal. 319, [49 Pac. 202]; *Woodward* v. *Brown,* 119 Cal. 304, [63 Am. St. Rep. 108, 51 Pac. 2, 542]; *Linott* v. *Rowland,* 119 Cal. 452, 453, [51 Pac. 687]; *Riverside Co.* v. *Stockman,* 124 Cal. 224, [56 Pac. 1027]; *Tappendorff* v. *Moranda,* 134 Cal. 421, [66 Pac. 491].) The reason for this rule is plain. A defendant is entitled to opportunity to be heard upon the allegations of the complaint on which judgment is sought against him. His default on the original complaint is limited in its effect to that complaint, and if by amendment a matter of substance is added he should be given the opportunity to contest the same before any judgment is given against him on account thereof. The law, therefore, requires that the amended pleading shall be served on all the adverse parties, including defaulting defendants. But, assuming the amendment here to have been a matter of substance, this rule has no application to the case at bar. All of the cases cited are cases where the judgment was given against the defaulting defendant *subsequent* to the presentation of the amended pleading and was necessarily based solely on such amended pleading which had taken the place of the original pleading, while here judgment had been given and entered upon the default against the defaulting defendant before any amendment was made, there being at the time of such judgment a good and sufficient complaint on file with a copy of which he had been duly served and which constituted the basis of

the judgment. So far as the superior court was concerned, the action, at the time of the amendment, had been finally disposed of as to the appellant by the judgment entered upon the original complaint, the allegations of which were admitted by his failure to appear. The judgment having thus been given, appellant could not be "affected" by any subsequent amendment (Code Civ. Proc., sec. 432), nor was he longer an "adverse party" within the meaning of that term as used in sections 465 and 472 of the Code of Civil Procedure. As to him, the action had been disposed of in the superior court upon the issues tendered by the original complaint. The whole reason for the rule relied on by the appellant is wanting in such a case, and there is nothing in the law warranting the conclusion that there is any such rule where judgment is given against the defaulting defendant before any amendment is made.

It is further contended that the trial court had no power to give judgment against the appellant alone "in view of the finding that both defendants were jointly guilty of the negligence alleged to have been the cause of plaintiff's injury." We have already stated the allegation of the complaint as to the act of the defendants that caused the injury. The court simply found "that all and singular the averments of the complaint are true," except the averment as to damages.

Section 579 of the Code of Civil Procedure provides: "In an action against several defendants, the court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others, whenever a several judgment is proper." Section 585 of the Code of Civil Procedure provides that if, in an action of this character, the defendant fails to answer, the clerk must enter the default of the defendant "and thereafter the plaintiff may apply to the court for the relief demanded in the complaint," and the court is authorized to hear the evidence that may be offered to sustain the allegations of the complaint.

It is not disputed that two or more persons who jointly engage in the commission of a tort are jointly and severally liable, as the injured party may elect. The injured party may sue all or any of them jointly, or each separately, or having secured a joint judgment against all, enforce such judgment by execution against one only, the only limitation

being that he can have but one satisfaction for the injury that he has received. (*Fowden* v. *Pacific Coast etc. Co.*, 149 Cal. 157, [86 Pac. 178]. See, also, *Tompkins* v. *Clay St. R. R. Co.*, 66 Cal. 166, [4 Pac. 1165].) In this case plaintiff might have brought separate actions against Wilson and the other defendant, his complaint containing the precise allegations as to a joint act of negligence that are made in the complaint here. If he had so done, such complaint in each action, although alleging a joint act of negligence on the part of the defendant and the other party named, would have stated a complete and separate individual liability against the party sued on account of the single act complained of. (*Fowden* v. *Pacific Coast etc. Co.*, 149 Cal. 157, [86 Pac. 178].) Nor can it be disputed that, under the rules of law in force in this state in an action of the character of the one before us, judgment may be given against one defendant and in favor of another defendant. (Code Civ. Proc., sec. 578; *Fowden* v. *Pacific Coast etc. Co.*, 149 Cal. 155, [86 Pac. 178].) In view of these well-settled rules, by virtue of which a separate action could have been maintained against Wilson upon the very allegations contained in this complaint, it is difficult to conceive why a "several judgment" against one of two or more defendants charged with having jointly participated in a single act of negligence producing injury is not "proper," and if it would be "proper," it is in terms authorized by section 579 of the Code of Civil Procedure. Wherein can appellant complain of such action being taken in this case? By his failure to appear he had admitted the truth of the allegations of the complaint "which stated a complete and separate individual liability" on his part on account of the single act complained of, just as fully as if he had been the sole defendant. So far as his liability was concerned, it could make no difference whether his co-defendant was subsequently held liable or not. He had no legal right to insist that others who had participated in the confessed negligent act, whether defendants or not, should pay any portion of the damage. He was liable for all such damage upon the allegations of the complaint that must be taken as admitted by him. Learned counsel for Wilson say that if this practice is to be sustained, the logical result will be that the court, after entering this judgment against the appellant, can proceed to the trial of the case as against the

remaining defendant, entering up a new and separate judgment and perhaps a different judgment from the one entered against the appellant. This may be so, but we do not see that it affects the question before us. The well-settled rule is that no bar arises as to any of the wrongdoers until the injured party has received satisfaction, or what in law is deemed its equivalent, and a judgment against one wrongdoer which remains wholly unsatisfied is not such satisfaction. (See *Dawson* v. *Schloss*, 93 Cal. 199, [29 Pac. 31]; *Grundel* v. *Union Iron Works*, 127 Cal. 438, [78 Am. St. Rep. 75, 59 Pac. 826].) The situation here in this regard is practically not different from that in *Dawson* v. *Schloss*, 93 Cal. 199, [29 Pac. 31], where the action was against Schloss and Hinkle. On the first trial judgment was recovered against both Schloss and Hinkle for five thousand dollars. A new trial was granted as to Schloss alone. The judgment against Hinkle for five thousand dollars remained in force, but wholly unsatisfied. A new trial resulted in a judgment against Schloss for three thousand dollars. Schloss appealed from the judgment against him, contending that so long as the original judgment existed against Hinkle, no judgment should have been rendered against him on the new trial, that "while separate suits may be brought against each of joint tort-feasors, yet it is well settled that if the defendants are sued jointly, as here, there can be but one verdict and judgment." This court said: "Such is not the prevailing rule in the United States." The judgment against Schloss was affirmed. It is not true under our rules that different judgments against different wrongdoers for the same wrongful act may not be for different amounts, the amount in each case being dependent upon the conclusion of the particular judge or jury as to the amount of damage accruing to the injured party from the wrongful act. *Dawson* v. *Schloss*, 93 Cal. 199, [29 Pac. 31], shows that the same result may follow where there is one action only against all the wrongdoers. It is true that in an action of this character, the damages cannot be severed and apportioned by the trial court or jury among the different defendants. *McCool* v. *Mahoney*, 54 Cal. 491, holds no more than this. In that case the jury by their verdict against two defendants apportioned the total damage of thirty-five hundred dollars found, awarding three thousand dollars

CLVI Cal.—29

against one defendant and five hundred dollars against the other, and judgment was entered accordingly. This judgment was reversed, the court saying that as the action was for a wrong in which both defendants joined, the damages could not be severed. But this rule has no application to the question we are discussing. There will be no severance of damages even if plaintiff is allowed to proceed and obtain judgment against the remaining defendant for a different amount. The amount for which he finally obtains judgment against the other defendant would be the total amount of damage that in the opinion of the trial court or jury the plaintiff had suffered from the wrongful act of both defendants. The case of *Curry* v. *Roundtree,* 51 Cal. 184, cited by appellant, was an action against three alleged copartners jointly on a partnership demand and is not in point. (See *Harrison* v. *McCormack,* 69 Cal. 620, [11 Pac. 456].)

No other point is made for reversal.

The order is affirmed.

Sloss, J., and Shaw, J., concurred.

Hearing in Bank denied.