[Civ. No. 2725.   First Appellate District, Division Two.—March 7, 1919.]

SIMON J. MONTZ, Respondent, v. E. S. NEVINS, Appellant.

[1] MALICIOUS PROSECUTION—DEFENSE—ADVICE OF COUNSEL—ERRONE-OUS EXCLUSION OF EVIDENCE.—In an action for malicious prosecution, the court erred in not permitting the defendant to prove that material facts were communicated to his counsel despite the fact that some of the facts and circumstances may have been communicated a month or two earlier than the date on which the arrest was advised.

[2] ID.—PROBABLE CAUSE—MIXED QUESTION OF LAW AND FACT.—Probable cause is to be determined by the court when the facts are uncontroverted; but when the evidence is conflicting as to any of the facts, the existence of the facts in dispute is to be found by the jury, and the question whether the facts found by the jury establish probable cause is to be decided by the court.

[3] ID.—In an action for malicious prosecution, the defense of advice of counsel goes to the question of probable cause and must be considered in determining that matter.

APPEAL from a judgment of the Superior Court of Fresno County.   George E. Church, Judge.   Reversed.

The facts are stated in the opinion of the court.

Irvine P. Aten, J. G. Devaul, Everts & Ewing and M. H. Gallaher for Appellant.

C. K. Bonestell and Kitt Gould for Respondent.

LANGDON, P. J.—This is an appeal from a judgment for the plaintiff for one thousand dollars in an action for damages for malicious prosecution, pursuant to a verdict of a jury. The facts of the case are briefly as follows:

The plaintiff and the defendant were negotiating for an exchange of lands and upon August 28, 1913, agreed upon the terms of exchange which were set forth in contracts of that date. Plaintiff was in possession of certain lots under contract of purchase, and the defendant owned other lands in the vicinity. After entering into possession, the plaintiff placed a small frame building on the lots he had contracted to purchase, the house being rested upon small cement blocks. Under the bargain for exchange of lands, the defendant was to deed to the plaintiff ten acres of land, and the plaintiff was to execute a mortgage upon these ten acres to secure the payment of certain moneys to the defendant, and was to convey to defendant his equity in the lots, together with the house thereon. After signing the contracts plaintiff learned that under the government survey there was a reservation of a right of way for a road along each section line, and that this reservation as applied to the ten acres would subject them to an easement over what amounted to about one acre. He demanded that the defendant deed to him another acre somewhere in the neighborhood as a condition of carrying out the bargain for the exchange.

Defendant consulted counsel and under his advice on November 10, 1914, tendered to the plaintiff a deed to the ten acres demanding of the plaintiff the execution of the mortgage and the conveyance of the lots, of which the plaintiff was then in possession. The plaintiff refused to act, and the matter on November 10, 1914, was left in an unsettled condition. Plaintiff later made application to Elizabeth Stanford, one of the record owners of the lots occupied by him, for an extension of time within which to pay overdue installments. On November 30, 1914, he received a letter from said Elizabeth Stanford in response to his request, granting such extension to January 17, 1915. Defendant on December 3d procured a deed from Elizabeth Stanford to the same lots, which deed contained the following clause:

"This conveyance is received by the grantee herein with full knowledge of a certain contract relating to said lots made on the 17th of January, 1913, between Samuel R. Elliott and

Lottie M. Elliott. Elizabeth Stanford, first parties and Simon J. Montz as second party, and the grantee accepts this conveyance with knowledge of all the rights of said S. J. Montz arising by reason of said contract.''

On December 9, 1914, defendant wrote to plaintiff that he had a deed to the lots and that plaintiff's rights were forfeited. On Saturday, December 12, 1914, defendant learned that the plaintiff had jacked up and was preparing to move into the county road the small house. Defendant again consulted his attorney, who was the assistant district attorney of Fresno County, and was told by him that if the house was of sufficient value, its removal would constitute grand larceny, and if it was removed to swear out a warrant for the plaintiff's arrest. This advice was given on Saturday and the defendant applied Saturday night to a justice of the peace for a warrant, stating the facts to him. The justice refused to issue a warrant to the plaintiff on the ground that at that time no crime had been committed and suggested to the defendant that he might procure an injunction. Defendant stated that it was too late. Sunday, defendant found the plaintiff with a group of men in the act of removing the house. There was a wordy altercation in which, among other things, the defendant stated that he would hold all the men engaged in the activities responsible if the house were removed. Montz at that time told Nevins that he had a right to move the house, that it belonged to him, and that the matter was none of Nevins' business. On Monday, acting under the advice of the assistant district attorney, the defendant swore to a warrant before another justice of the peace, charging plaintiff with grand larceny. Plaintiff was held to answer before the superior court and subsequently, on the motion of the district attorney, the charge was dismissed. Later plaintiff brought this action for malicious prosecution, in which judgment was rendered for the plaintiff for one thousand dollars, from which judgment defendant appeals. The foregoing facts are admitted.

Appellant objects to certain rulings of the trial court upon evidence, and to certain instructions and contends, first, that the court erred in granting plaintiff's motion to strike out the testimony of the witness Gallaher to the effect that in October, 1914, Mr. Nevins, the defendant, called at the office of the said Gallaher, who was his attorney, for private legal

counsel as to certain contracts between himself and the plaintiff and was advised by the attorney that he could not advise him as to the matter unless he saw the contracts and after seeing the contracts he would probably be able to advise the defendant. The plaintiff objected to this testimony on the ground that the only question before the court and before the jury was what was the conversation between the attorney and Mr. Nevins when Mr. Nevins went there to obtain the filing of the criminal complaint. The argument is made by appellant that Mr. Gallaher was the attorney for Mr. Nevins in all transactions with the plaintiff concerning this land, and that he became familiar with the facts and circumstances in regard to the relations of the parties through a period of two or three months' time; and that defendant should have been allowed to show as a part of his affirmative defense that all the facts concerning the entire matter were known to his attorney, whether these facts were communicated at the time of the arrest or at an earlier date.

We believe that appellant's position is well taken.

In the case of *Brown* v. *Smith,* 83 Ill. 291, it was held that one who procured the arrest of his divorced wife and her sisters on a charge of malicious mischief, and breaking into his house, which the wife refused to leave after the divorce, is not precluded from setting up the defense of advice of counsel on the ground of failure to disclose the facts, because he did not state to counsel the relations existing between himself and wife as to occupancy of the premises, where the counsel had represented him in the divorce suit and knew the facts. To the same effect is the case of *Dennis* v. *Ryan,* 65 N. Y. 385, [22 Am. Rep. 635]; *Peterson* v. *Toner,* 80 Mich. 350, [45 N. W. 346]. While no case in this state has been cited to us deciding this particular question, we find the following statement in the case of *Dawson* v. *Schloss,* 93 Cal. 194, [29 Pac. 31]: "In an action for malicious prosecution upon a criminal charge, in order that the defendant may escape responsibility for the prosecution upon the ground that he acted in good faith upon the advice of counsel that there was probable cause for believing the plaintiff guilty of the crime charged, he must prove that before receiving the advice he fairly and fully stated to his counsel, *or at least that his counsel knew,* all the facts within defendant's knowledge. . . ."

[1] Under these decisions, and under the logic of the situation, we are of the opinion the court erred in not permitting the defendant to proceed with his proof that the material facts were communicated to counsel by the defendant, despite the fact that some of the facts and circumstances may have been communicated a month or two earlier than the date on which the arrest was advised. Naturally, if a man is dealing with his attorney in regard to a particular transaction, and his attorney knows the facts in connection with such transaction—when the situation later changes in regard to some important matter, the client will merely narrate the new facts. It would be unnatural and wasteful of time and energy for him to begin at the beginning, and repeat in detail the facts already communicated by him, or otherwise known to his attorney. It is in the usual course of business under such circumstances for a man merely to advise his attorney of the additional facts relating to the subject matter and assume that the earlier facts are present in the mind of the attorney. In this case such an assumption was warranted, according to the testimony of the attorney himself.

As all evidence regarding information given to counsel prior to the time that the arrest was advised was stricken out, and as the jury was later instructed that matters stricken out were not to be considered by them in reaching their verdict, the jury must have disregarded, under this ruling and instruction, all disclosures made by defendant to his counsel at any period except at the time of the arrest. As the question of whether or not the defendant had made a full and fair disclosure of all material facts to his attorney was one of the decisive questions before the jury, we think this error was clearly prejudicial to the defendant.

[2] The appellant presents another question in his objections to a certain instruction to the jury. The court instructed the jury that there was a want of probable cause. The rule is that probable cause is to be determined by the court when the facts are uncontroverted. (*Potter* v. *Seale,* 8 Cal. 220; *Ball* v. *Rawles,* 93 Cal. 222, [27 Am. St. Rep. 174, 28 Pac. 937].) But when the evidence is conflicting as to any of the facts, the existence of the facts in dispute is to be found by the jury, and the question whether the facts found by the jury establish probable cause is to be decided by the

court. (*Sandell* v. *Sherman,* 107 Cal. 391, 394, [40 Pac. 493] ; *Booraem* v. *Potter Hotel Co.,* 154 Cal. 99, [97 Pac. 65].)

[3] While there are different rules followed in other jurisdictions (note to *Van Mater* v. *Bass,* 18 L. R. A. (N. S.) 51), in California, by the weight of authority, the rule is that the defense of advice of counsel goes to the question of probable cause, and must be considered in determining that matter. (*Potter* v. *Seale,* 8 Cal. 220; *Levy* v. *Brannan,* 39 Cal. 485; *Dunlap* v. *New Zealand etc. Co.,* 109 Cal. 365, [42 Pac. 29].) The defense of advice of counsel has several elements, such as full and fair disclosure to counsel, good faith in acting upon the advice given, etc. On some of these elements, the evidence in the present case was conflicting. It was proper, therefore, for the jury to have found whether or not the defense of advice of counsel was established before the court determined the question of probable cause; and the court should have instructed them that if from the evidence they find that Nevins in good faith acted on the advice of counsel after a full and fair disclosure of the facts, there was probable cause; but if, on the other hand, they should find from the evidence the fact that Nevins did not in good faith and after a full and fair disclosure of the facts act upon the advice of counsel, that there was a want of probable cause.

The instruction given by the court has removed from the consideration of the jury the facts making up the affirmative defense of advice of counsel, in their relation to the question of probable cause. It is not necessary for us to go into a close analysis and comparison of the results of different instructions given under divergent theories of this defense prevailing in different jurisdictions, in order to decide whether this error was prejudicial or not under the special facts of this case. The first error considered here was sufficiently prejudicial. we think, to make it necessary to send the case back for a new trial, and the error in the instruction is discussed here so that it may not recur at the new trial.

Since the case will have to go back for a new trial and the same rulings upon evidence are unlikely to occur again, it becomes unnecessary for us to discuss the other objections of the appellant.

The judgment is reversed.

Haven, J., and Brittain, J., concurred.